1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WAYDE HOLLIS HARRIS,

11              Plaintiff,                    No. CIV S-09-1262 MCE EFB P

12        vs.

13   PINERO, et al.,                          ORDER AND
                                              FINDINGS AND RECOMMENDATIONS
14              Defendants.

15   _____/

16        Plaintiff, Wayde Hollis Harris, an inmate confined at Calipatria State Prison, filed this

17   pro se civil rights action under 42 U.S.C. § 1983.  His complaint concerns events alleged to have

18   occurred while he was housed at the San Joaquin County Jail.  In addition to filing a complaint,

19   plaintiff has filed an application to proceed in forma pauperis and a request for court appointed

20   counsel.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

21   § 636(b)(1).

22   **I.      Request to Proceed In Forma Pauperis**

23        Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

24   Dckt. No. 14.  His application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

25   Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

26   and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

1

1   § 1915(b)(1) and (2).

2   **II.    Screening Order**

3          Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in

4   which a prisoner seeks redress from a governmental entity or officer or employee of a

5   governmental entity."  28 U.S.C. § 1915A(a).  "On review, the court shall identify cognizable

6   claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous,

7   malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

8   from a defendant who is immune from such relief."  *Id.* § 1915A(b).

9          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

10  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

11  the alleged violation was committed by a person acting under the color of state law.  *West v.*

12  *Atkins*, 487 U.S. 42, 48 (1988).

13         A district court must construe a pro se pleading "liberally" to determine if it states a

14  claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

15  opportunity to cure them.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While

16  detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of

17  action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct.

18  1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff

19  must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is

20  plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).

21             A claim has facial plausibility when the plaintiff pleads factual content that allows
              the court to draw the reasonable inference that the defendant is liable for the
22            misconduct alleged. The plausibility standard is not akin to a "probability
              requirement," but it asks for more than a sheer possibility that a defendant has
23            acted unlawfully. Where a complaint pleads facts that are merely consistent with a
              defendant's liability, it stops short of the line between possibility and plausibility
24            of entitlement to relief.

25  *Id.* (citations and quotation marks omitted).  Although legal conclusions can provide the

26  framework of a complaint, they must be supported by factual allegations, and are not entitled to

2

the assumption of truth.  *Id.* at 1950.

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim against any defendant.  Moreover, the court finds that the deficiencies in plaintiff's complaint cannot be cured by amendment and will therefore recommend that the complaint be dismissed without leave to amend.

**A.  The Complaint**

In his May 7, 2009 complaint, plaintiff alleges that defendants[1] held his legal property, including his legal work product, for four months and when it was finally returned to him, it had clearly been tampered with.  *See* Compl., Dckt. No. 1.  As a result, plaintiff alleges that he was denied a fair trial, as his ability to access the courts, to communicate with his attorney, and to defend himself in his criminal trial was obstructed.[2]  Plaintiff also alleges that defendants may have provided the prosecutor with plaintiff's legal property.  Plaintiff believes that defendants' actions may have been the reason for why he was convicted.  Plaintiff also claims to have experienced stress, confusion, and anger as a result of defendants' alleged conduct.  Plaintiff further claims he filed numerous grievances concerning his legal property and that defendants failed to adequately respond to them, in part because they would not tell plaintiff who was in possession of plaintiff's legal documents.  As relief, plaintiff requests a determination of the complete chain of custody of his legal property, from the time it was initially taken from him until the time it was finally returned to him.  Plaintiff also requests injunctive relief and damages.  *See* Dckt. No. 5.

////

---

[1] Plaintiff names the following individuals as defendants:  Pinero; Vallerio; Kualicahm; Williamson; Oram; Serros; Huber; More; Lamie; Filopowski; and "defendants 1-50, as unnamed defendants."  Compl. at. 1.

[2] It appears from an exhibit to the complaint that plaintiff was convicted of various offenses, including injuring a spouse, assault with a firearm, making criminal threats, false imprisonment, and being a felon in possession of a firearm.  Dckt. No. 3 at 3.

**B.  Discussion**

Plaintiff's allegations center around the four month period that he was deprived of his legal property and the condition of his property when it was finally returned to him.  He essentially claims that as a result of defendants' actions, he did not receive a fair trial.  The Supreme Court has held that "a state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would *necessarily demonstrate the invalidity of confinement or its duration*." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis added); *see also Edwards v. Balisok*, 520 U.S. 641 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994).  Were plaintiff to succeed on his claims that defendants violated his due process right to a fair trial, those findings would necessarily implicate the validity of plaintiff's underlying criminal conviction.  *See Heck*, 512 U.S. at 487; *see also Cole v. Sisto*, Civ. No. 09-0364 KJM P, 2009 U.S. Dist. LEXIS 76110, at *4-8 (E.D. Cal. July 24, 2009) (finding *Heck* barred plaintiff's § 1983 claims that plaintiff was denied access to the court and a right to a fair trial "when he was unable to prepare motions for the appointment of an investigator and an expert witness," for his criminal trial); *Jones v. Michalski*, No. CV F 04-5823 REC LJO P, 2006 U.S. Dist. LEXIS 12986, at *3-5 (Mar. 8, 2006), *adopted in full by* 2006 U.S. Dist. LEXIS 20633 (finding *Heck* barred plaintiff's claim that defendant "refused to allow a private investigator hired by Plaintiff to assist him in preparation for his criminal defense, to visit him").  Plaintiff has not demonstrated that his conviction or sentence has previously been invalidated.  These claims should therefore be dismissed without leave to amend.

To the extent plaintiff alleges a due process claim based solely on his property interest in his legal materials, this claim too, must be dismissed without leave to amend.  Plaintiff alleges that defendants Pinero, Vallerio and Kualicahm intentionally and unjustifiably deprived him of his legal materials, despite their obligation to "at the very least[,] roll up [plaintiff's] property for

4

him." Compl. at 7-8; *see also id.* at 9 (alleging "willful misconduct"). The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."[3] *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. *Piatt v. MacDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); *see also Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987). Plaintiff's claim, which is based on an unauthorized and intentional deprivation of his legal property, is not cognizable and cannot be cured by amendment.

Plaintiff may also not proceed on claims against Pinero, Vallerio, Kualicahm, Serros, Huber, Lamie, or Filopowski based solely on their alleged mishandling of his inmate appeals. *See* Compl. at 10-11, 14, 17-18. There are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). The alleged failings of these defendants with respect to plaintiff's inmate appeals cannot support a claim for relief for violation of a constitutional right and should therefore be dismissed without leave to amend.

////

---

[3] California provides an adequate postdeprivation remedy. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam).

1      Nor can plaintiff impose liability on defendants Williamson, Oram or More solely based

2 upon their responsibility "to see that there [sic] correctional officers performed there [sic] duties

3 accordingly."  Compl. at 11, 20 (alleging More is liable "for any and all misconduct of his

4 deputies and staff members").  There is no respondeat superior liability under § 1983.  *Palmer v.*

5 *Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993).  That is, plaintiff may not sue any supervisor

6 on a theory that the supervisor is liable for the acts of his or her subordinates.  *See Polk County v.*

7 *Dodson*, 454 U.S. 312, 325 (1981).  "Because vicarious liability is inapplicable to . . . § 1983

8 suits, a plaintiff must plead that each Government-official defendant, through the official's own

9 individual actions, has violated the Constitution."  *Iqbal*, 129 S. Ct. at 1948.  A supervisor may

10 be liable "for constitutional violations of his subordinates if the supervisor participated in or

11 directed the violations, or knew of the violations and failed to act to prevent them."  *Taylor v.*

12 *List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff does not allege that defendants Williamson,

13 Oram or More personally violated plaintiff's rights.  Nor does plaintiff allege that defendants

14 Williamson, Oram or More directed or authorized any actions of their subordinates that

15 amounted to a violation of plaintiff's constitutional rights.  *Iqbal*, 129 S. Ct. at 1948; *Taylor v.*

16 *List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Since plaintiff's claims against Williamson, Oram or

17 More rest on other allegations that the court finds to be either barred by *Heck* or non-cognizable,

18 the claims against Williamson, Oram or More cannot be cured by the allegation of other facts

19 and should be dismissed without leave to amend.

20 **III.**   **Plaintiff's Request for Counsel**

21      Plaintiff has requested that the court appoint counsel.  Dckt. No. 5.  District courts lack

22 authority to require counsel to represent indigent prisoners in section 1983 cases.  *Mallard v.*

23 *United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court

24 may request counsel voluntarily to represent such a plaintiff.  28 U.S.C. § 1915(e)(1); *Terrell v.*

25 *Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36

26 (9th Cir. 1990).  The court finds that there are no exceptional circumstances in this case.

**IV.     Conclusion**

Accordingly, the court hereby ORDERS that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's May 7, 2009 motion for appointment of counsel is denied.

Further, it is hereby RECOMMENDED that the complaint be dismissed for plaintiff's failure to state a claim and without prejudice to plaintiff filing a petition for writ of habeas corpus to challenge his conviction, and without prejudice to him filing a new civil rights action if his conviction is ever set aside.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 29, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE